IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDEOGOCHINEME                          *
AGBUGBA,
                                       *
     Petitioner,                                    Criminal No. RDB-14-0493
                                       *
     v.                                             Civil Action No. RDB-16-2756
                                       *
UNITED STATES OF AMERICA,
                                       *
     Respondent.
                                       *

*     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

The *pro se* Petitioner Edeogochineme Agbugba ("Petitioner" or "Agbugba") pled

guilty before this Court to Conspiracy to distribute and possess with intent to distribute 100

grams or more of a mixture or substance containing heroin, a Schedule 1 controlled

substance, in violation of 21 U.S.C. § 846, pursuant to a Plea Agreement with the

Government. Am. J., p. 1, ECF No. 64.  Petitioner's plea was tendered pursuant to Rule

11(c)(1)(C) of the Federal Rules of Criminal Procedure and provided for an agreed term of

incarceration of 36 months.  Subsequently, this Court sentenced Petitioner to 36 months

imprisonment, followed by two years of supervised release. *Id.* at 2-3.  Currently pending

before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant

to 28 U.S.C. § 2255 (ECF No. 84).[1]  Having reviewed the parties' submissions, this Court

---

[1] Also pending before this Court is Petitioner's Motion to Reduce Sentence (ECF No. 77). The pending motion is identical to Petitioner's subsequently filed Motion to Reduce Sentence (ECF No. 79), in which Petitioner requested a reduction of sentence in light of Amendment 782 to the United States Sentencing Guidelines, which lowered the guidelines drug quantity tables. Via Order dated December 22, 2016 (ECF No. 90), this Court has already denied that request. Accordingly, Petitioner's pending duplicate Motion to Reduce Sentence (ECF No. 77) is MOOT.

finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons discussed herein, Petitioner's Motion to Vacate (ECF No. 84) is DENIED.

BACKGROUND

Petitioner Edeogochineme Agbugba ("Petitioner" or "Agbugba") was charged via a two-count indictment with Conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, (Count I) and Possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count II). *See* Indictment, pp. 1-2, ECF No. 8. On August 10, 2015, Agbugba pled guilty before this court to Conspiracy to distribute and possess with intent to distribute heroin (Count I), pursuant to a Rule 11(c)(1)(C) Plea Agreement ("C Plea") with the Government, providing for a sentence of 36 months imprisonment.[2] Am. J., p. 1, ECF No. 64. At a Rearraignment hearing before this Court, Agbugba verified on the record that he had read and discussed the Plea Agreement with his court-appointed counsel, understood the charges against him, and was satisfied with his counsel's services. Rearraignment Tr., pp. 6-11, ECF No. 71. This Court proceeded to accept Agbugba's guilty plea, finding that he had knowingly and voluntarily entered into that guilty plea with the assistance of counsel. Am. J., p. 1, ECF No. 64. Subsequently, this Court sentenced Agbugba to 36 months imprisonment, followed by two years of supervised release. *Id.* at 2-3. Agbugba was directed to surrender himself to an institution designated by the Bureau of Prisons by January 11, 2016 to begin his sentence.[3] *Id.* at 2.

---

[2] Pursuant to the Plea Agreement, Count II was dismissed.

[3] Also pending before this Court is Petitioner's Motion for Credit for Time Served in Home Confinement (ECF No. 89), in which he requests credit toward his 36-month sentence for the time he spent in home confinement between June 5, 2015, and January 11, 2016, prior to his self-surrender. Via correspondence dated January 27, 2017 (ECF No. 93), the Government has indicated that Petitioner was not in official detention during that time. Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit . . . for any time he

Agbugba appealed his conviction and 36-month sentence to the United States Court of Appeals for the Fourth Circuit (ECF No. 60). The Fourth Circuit dismissed Agbugba's appeal of his sentence because, pursuant to his Plea Agreement with the Government, Agbugba had "knowingly and intelligently waived his right to appeal his sentence." *United States v. Agbugba*, 653 F. App'x 174, 175 (4th Cir. 2016). As to Petitioner's conviction, the Fourth Circuit addressed Agbugba's arguments on the merits, ultimately finding that "Agbugba's guilty plea was knowingly and voluntarily made." *Id.* Accordingly, the Fourth Circuit affirmed his conviction. *Id.* In his pending Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 76), Agbugba argues that his court-appointed counsel rendered ineffective assistance, in violation of his rights under the Sixth Amendment to the United States Constitution. *See* Mot., ECF No. 84; Reply, ECF No. 88. Additionally, Agbugba alleges "inconsist[e]nt statement[s]" by the officers who arrested him. Mot., p. 5, ECF No. 84.

STANDARD OF REVIEW

*Pro se* filings are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or

---

has spent in official detention prior to the date the sentence commences[.]" Pursuant to the United States Supreme Court's decision in *Reno v. Koray*, 515 U.S. 50, 57 (1995), "a defendant suffers 'detention' only when committed to the custody of the Attorney General." Prior to January 11, 2016, Petitioner was not committed to the custody of the Attorney General. *See* Correspondence, ECF No. 93. Thus, Petitioner's time spent in home confinement was not time spent "in official detention" as required under 18 § 3585(b). Further, even if Petitioner was entitled to time served, he has not exhausted the proper procedure for raising this claim by making his request through the Bureau of Prisons. For these reasons, Petitioner's Motion for Credit for Time Served in Home Confinement (ECF No. 89) is DENIED.

laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

<u>DISCUSSION</u>

In order to establish ineffective assistance of counsel, Petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was deficient such that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that an attorney's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was prejudicial, meaning the defendant was "depriv[ed] . . . of a fair trial." *Id.* at 687. To demonstrate such prejudice, Petitioner must show there was a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding[s] would have been different." *Id.* at 694. Both of these prongs must be satisfied for the Petitioner to obtain the relief he is seeking. *Id.* at 687.

In the plea bargaining context, "claims of ineffective assistance of counsel . . . are governed by the two-part test set forth in *Strickland.*" *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill*, 474 U.S. at 57). However, the "prejudice prong of the test is slightly modified" in that Petitioner must show "there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
*Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks omitted); *see also id.* (quoting *Hill*, 474 U.S. at 59).

## I.   Petitioner Has Failed to Demonstrate Ineffective Assistance of Counsel

Petitioner raises four arguments in support of his claim of ineffective assistance of counsel.  Mot., p. 5, ECF No. 84. First, Petitioner argues that his "trial counsel failed to request a downward departure [at sentencing] base[d] on [Petitioner's] mitigating role" in the charged crime. *Id.* Second, he argues that his "trial counsel failed to seek [a sentence] reduction based on [his] immigration status." *Id.* Third, Petitioner argues that his trial counsel failed to "challeng[e] [his] arrest." *Id.* Fourth, he argues that his trial counsel failed to request "a drug analysis hearing." *Id.* However, Petitioner is incapable of demonstrating ineffective assistance because he explicitly indicated on the record at his Rearraignment proceedings that he was satisfied with his counsel's representation and that he was voluntarily pleading guilty to Conspiracy to distribute and possess with intent to distribute heroin. Rearraignment Tr., pp. 6-12, ECF No. 71.  Additionally, the United States Court of Appeals for the Fourth Circuit has affirmed this Court's finding that Petitioner's guilty plea was both knowing and voluntary. *Agbugba*, 653 F. App'x at 175 (4th Cir. 2016). Furthermore, Petitioner's individual arguments fail for the reasons discussed herein.

### A.   Mitigating Role Argument

Petitioner argues that his "trial counsel failed to request a downward departure [at sentencing] base[d] on [his] mitigating role" in the charged crime. Mot., p. 5, ECF No. 84. However, Petitioner was not, in fact, entitled to a role reduction under Section 3B1.2 of the

United States Sentencing Guidelines ("U.S.S.G."), which requires that a defendant be a "minimal participant" or "minor participant" in the criminal activity. Pursuant to his Plea Agreement with the Government, Petitioner stipulated that in June of 2014, "a parcel sent from India was found by a customs officer to contain more than 150 grams of heroin" and "destined for 2331 East Monument Street in Baltimore, Maryland" where "the defendant [Agbugba] personally accepted the package." Plea Agreement, p. 4, ECF No. 45. Petitioner also stipulated that a search warrant executed at the same address recovered "defendant's Facebook account, contain[ing] messages reflecting prior shipments of parcels from India," which Petitioner "admit[ted] that he knew . . . contained a controlled dangerous substance." *Id.* Thus, Petitioner was not a minor participant in the criminal activity, as is required under U.S.S.G. § 3B1.2 to decrease the offense level.

Petitioner's sentence was reasonable and appropriate. Based on Petitioner's total offense level of 19 and his criminal history category of I, the advisory sentencing guideline range for his sentence was 30 to 37 months imprisonment. Am. Presentence Report, pp. 9-10, ECF No. 57. This Court adopted the factual findings and advisory guideline application in the Presentence Report without change, and imposed a sentence within the advisory guideline range. Statement of Reasons, pp. 1-2, ECF No. 59 [SEALED]. For these reasons, Petitioner's first argument fails.

### B.    Immigration Status and Half-Way House Argument

Petitioner argues that his "trial counsel failed to seek [a sentence] reduction based on [his] immigration status" and failed to request that Petitioner be placed in a "half-way house base[d] on deportability." Mot., p. 5, ECF No. 84. However, Petitioner cannot demonstrate

ineffective assistance of counsel because his counsel met the objective standard of reasonableness required by *Strickland. See* 466 U.S. 668 at 688. Petitioner has failed to identify any authority that would have entitled him to a lower sentence on the basis of his immigration status. All parties, including this Court, were aware of Petitioner's immigration status at his Rearraignment hearing and at his Sentencing. Pursuant to Petitioner's C Plea, he "surrender[ed] certain rights as outlined below:

> By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if the Defendant is not a citizen of the United States, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States . . . .[T]he Defendant understands that no one, including defense counsel or the Court, can predict with certainty the effect of conviction on immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Plea Agreement, p. 3, ECF No. 45.

The issue of Petitioner's immigration was understood by all parties and discussed extensively at his Sentencing. The record reads as follows:

> THE COURT:    I'll make a recommendation. The difficulty he might have, I'll tell you, because of his immigration status and the potentiality of deportation . . . that causes them to put him in medium security. Which doesn't seem to fit here, but it varies according to what state you're in, in terms of the position of the various immigration officials. So I would be inclined to recommend Cumberland in Maryland, the minimum male camp. But I don't know if he'll get that or not, because of his immigration status or lack thereof . . .  Is that satisfactory to you?

7

| MR. BUSSARD: | It's satisfactory at this point. |
|---|---|
| THE COURT: | If you were a citizen of the United States, deportation would really not be a factor here. But you didn't gain citizenship. And you came here on a visitor's visa and then just stayed; correct? |
| DEFENDANT AGBUGBA: | Yes, sir. Yes, sir, Your honor. |
| THE COURT: | And you didn't comply with immigration laws and suddenly you get involved with criminal activity and that results in your deportation. But I will – I'm going to sentence you as agreed. The sentence you've agreed upon with the government, I will abide by that. |

Sentencing Tr., pp. 20, 23, ECF No. 73.

At Sentencing, this Court imposed the sentence agreed upon in Petitioner's C Plea Agreement, and Petitioner's counsel did not act unreasonably in declining to argue for a further sentence reduction in light of Petitioner's immigration status. Additionally, given the seriousness of the charges, Petitioner was not entitled to serve his sentence in a half-way house. He has cited no authority to the contrary. Consequently, Petitioner's second argument for ineffective assistance of counsel fails.

### C.    Unlawful Arrest Argument

Petitioner argues that his counsel failed to "challeng[e] [his] arrest." Mot., p. 5, ECF No. 84. Specifically, Petitioner argues that he "was arrested without an arrest warrant." *Id.* However, this issue was, in fact, raised in pretrial motions briefing, wherein Petitioner argued that certain statements and evidence should be suppressed because his arrest was unlawful. *See* Mot. to Suppress Tangible Evidence, ECF No. 16; Mot. to Suppress Statements, ECF

No. 17; Mot. to Suppress Evidence Seized Pursuant to Search Warrants, ECF No. 20.

This Court disposed of the issue in an order dated August 6, 2015 (ECF No. 43), denying each of Petitioner's Motions to Suppress. Subsequently, pursuant to his Plea Agreement with the Government, Petitioner specifically gave up the rights "to confront and cross-examine the government's witnesses," "to present any defense witnesses or evidence whatsoever," and "to testify in his own defense if he so chose." Plea Agreement, p. 3, ECF No. 45.  Therefore, Petitioner's third argument for ineffective assistance of counsel fails.

### D.    Drug Analysis Hearing Argument

Petitioner argues that his counsel failed to "request [] a drug analysis hearing."  Mot., p. 5, ECF No. 84. With respect to this final argument, Petitioner cannot demonstrate ineffective assistance of counsel because he cannot meet the prejudice prong of the *Strickland* test that, but for his counsel's alleged errors, he would not have pled guilty. *See Strickland*, 466 U.S. 668 at 694; *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (modifying the prejudice prong of the *Strickland* test in the plea bargaining context). Given the compelling evidence produced by the Government as to the presence of heroin in the package received by Petitioner, Petitioner cannot show that a drug analysis hearing would have changed his decision to plead guilty. The government produced a lab report conducted by an analyst of the Baltimore Police Department's Laboratory Section which indicated a positive test for heroin. Government's Ex. G, H. There is no indication that any evidence submitted at a drug analysis hearing would have undermined this finding.

Additionally, as discussed *supra*, Petitioner has entered a valid guilty plea to the offense of Conspiracy to distribute and possess with intent to distribute heroin and has

9

stipulated to the facts the Government would be able to prove at trial with respect to that offense. Petitioner entered his guilty plea voluntarily, and the Fourth Circuit affirmed Petitioner's conviction. *Agbugba*, 653 F. App'x at 175 (4th Cir. 2016). For these reasons, Petitioner's final claim of ineffective assistance of counsel fails.

## II.  Petitioner Waived Any Claim Based on Inconsistent Statements by Arresting Officers

Petitioner argues that his arresting officers gave "inconsist[e]nt statement[s]" because the "name on the package [of heroin] changed" in the officers' reports. Mot., p. 5, ECF No. 84. However, pursuant to his Plea Agreement with the Government, and as explained above, Petitioner has waived the right to raise any such claims.

To the extent that Petitioner has also sought to raise this argument as an ineffective assistance of counsel claim, his argument still fails. This Court addressed the officers' alleged inconsistent statements at a motions hearing during which Petitioner's counsel did in fact raise this issue. The record reads as follows:

> THE COURT:  . . . I've heard Detective Beard's testimony and judged his credibility, and I find as a matter of fact it is absolutely credible and believable. It's very obvious what happened. He followed a form. He was new to the task force. And he made the mistake in keeping the same name from and name to on the form. As to the other information, the address from and the address to are consistent – are accurate to the facts of this case . . . it really doesn't make any difference what name it's from or to based upon the information that's contained in the affidavit in terms of the listing for probable cause.

Motions Hearing, p. 100, ECF No. 70.

Petitioner verified on the record at his Rearraignment that, in light of the motions hearing, there was nothing he had asked his counsel to do that he had not done and he was satisfied with his counsel's services. Rearraignment Tr., pp. 9-10, ECF No. 71. Thus, Petitioner's final argument fails.

CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 84) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:          January 30, 2017

_____/s/_____

Richard D. Bennett
United States District Judge